NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERTRUDIS LOPEZ INFANTE; MA
CONSUELO MACIAS LOPEZ; MARIA
LETICIA MACIAS LOPEZ; MYRA
MACIAS LOPEZ; OLGA MACIAS
LOPEZ; RAMON MACIAS
LOPEZ; MARIA DEL CARMEN MACIAS
LOPEZ; MARCELINA MACIAS
LOPEZ; ELISEO MACIAS LOPEZ,

         Petitioners,

  v.

PAMELA BONDI, Attorney General,

         Respondent.

No. 24-2338

Agency Nos.
A208-925-447
A208-925-436
A208-925-438
A208-925-445
A208-925-446
A208-925-448
A208-925-449
A208-925-450
A208-925-451

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2025[**]
Portland, Oregon

Before: BYBEE and FORREST, Circuit Judges, and RODRIGUEZ, District
Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Xavier Rodriguez, United States District Judge for the
Western District of Texas, sitting by designation.

Gertrudis Lopez-Infante and eight of her children, natives and citizens of Mexico, petition for review from the Board of Immigration Appeals' (BIA) dismissal of their appeal from the immigration judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review factual findings under the substantial-evidence standard. *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2022). Substantial-evidence review means that the BIA's determinations will be upheld "if the decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008) (citation and quotation marks omitted). Under this standard, "[a] factual finding is 'not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record.'" *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)).

1. ***Asylum and Withholding of Removal.*** "Either past persecution or a well-founded fear of future persecution provides eligibility for a discretionary grant of asylum." *Ratnam v. INS*, 154 F.3d 990, 994 (9th Cir. 1998). To be eligible for withholding of removal, a petitioner must satisfy this burden by a "clear probability." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (citation omitted).

Because Lopez-Infante does not argue that she suffered past persecution, she must establish a well-founded fear of future persecution to be eligible for asylum. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). "An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . [and] under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii). Lopez-Infante has the burden of proving that such relocation would not be possible or reasonable. 8 C.F.R. § 1208.13(b)(3)(i); *Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1190 (9th Cir. 2005).

Lopez-Infante does not claim that relocation within Mexico would be unsafe, but she nonetheless presents two arguments that the agency erred in finding she could reasonably locate within Mexico: (1) the agency did not take into account the financial situation of her family that lives in Mexico; and (2) the agency overlooked the regulatory factors for making a relocation determination. As to the first argument, Lopez-Infante faults the BIA for finding her "family in Mexico could help her relocate" because that finding is contrary to her "credible testimony that her family in Mexico was barely able to sustain themselves." Lopez-Infante mischaracterizes the agency's decision. The BIA noted that Lopez-Infante's two adult sons, who live in Colorado, provide her financial support. The BIA additionally noted that she has family in Mexico, but it did not presume that they would provide

financial support.

Lopez-Infante's second argument fails as well. The record supports that both the IJ and the BIA considered the non-exhaustive factors and applied them in making the decision on whether relocation was unreasonable. All factors need not be considered in a specific case. *See Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019). The BIA's affirmation that Lopez-Infante failed to show that she could not reasonably relocate in Mexico and avoid future persecution was dispositive of her claim for asylum.

Withholding of removal requires an applicant to satisfy a more stringent standard and show that it is "more likely than not" there would be persecution on account of a protected ground if returned to the designated country. 8 C.F.R. § 1208.16(b)(2). "Because [Lopez-Infante] has not established eligibility for asylum, it necessarily follows that [she] has not established eligibility for withholding." *Duran-Rodriguez*, 918 F.3d at 1029 (citation omitted).

2. *CAT*. Finally, Lopez Infante did not raise a CAT claim on appeal to the BIA or in her opening brief before this court. The claim is thus unexhausted and forfeited here. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

**PETITION DENIED.**